**FEIPING WENG, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, Respondent.**

No. 07–5650–ag.

United States Court of Appeals, Second Circuit.

Aug. 13, 2008.

Gang Zhou, New York, N.Y., for Petitioner.

Scott Rempell, Trial Attorney (Linda S. Wernery, Assistant Director, and Gregory G. Katsas, Acting Assistant Attorney General, Office of Immigration Litigation, on the brief), for Michael B. Mukasey, Attorney General, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Honorable REENA RAGGI, Honorable RICHARD C. WESLEY, Honorable DEBRA A. LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Feiping Weng, a native and citizen of the People's Republic of China ("China") seeks review of a November 27, 2007 order of the BIA affirming the February 10, 2006 decision of Immigration Judge ("IJ")

Steven R. Abrams denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *see In re Feiping Weng,* No. A98–559–825 (B.I.A. Nov. 27, 2007), *aff'g* No. A 98 559 825 (Immig. Ct. N.Y. City Feb. 10, 2006). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

Where the BIA summarily affirms an IJ's decision without opinion, as it did in this case, we review the IJ's decision as the final agency determination. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006); *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings for substantial evidence, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. United States Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007).

In denying relief from removal, the IJ concluded that, although Weng testified credibly to his efforts to establish residency in the United States after leaving China, because he failed to adduce evidence that Chinese nationals who attempted to relocate to the United States faced persecution upon return to China, he failed to demonstrate the objectively well-founded fear of future persecution necessary to secure relief from removal. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004) (noting that in absence of past persecution, alien must demonstrate that he has well-founded fear of future persecution by presenting credible testimony that he subjectively fears persecution and establishing that his fear is objectively reasonable). On this appeal, Weng challenges this determination only as it resulted in

the denial of CAT relief.[1] Accordingly, we treat any challenges to the denial of his asylum and withholding claims as waived. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998).

■ Weng submits that the agency's ruling is infected by a factual error, i.e., the assumption that his departure from China was lawful. The IJ drew this inference from Weng's testimony that he used an official Chinese passport bearing his name and picture when he submitted to official inspection upon departing China for Hong Kong. Weng never testified that he left China illegally; thus, the IJ's finding that his testimony was credible is consistent with the IJ's conclusion that Weng would not face any criminal prosecution upon his return to China. Even if we assume, as Weng suggests, that upon repatriation to China, he will nevertheless be viewed in violation of that country's emigration policies for attempting to relocate to the United States, no remand is required because we identify another independent basis relied upon by the BIA that justifies denial of CAT relief. *See Xiao Ji Chen v. United States Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006) (concluding remand not necessary in face of agency error when court can state with confidence agency would reach same conclusion on remand by relying on alternative ground).

■ To establish eligibility for CAT relief, an alien bears the burden of proving "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Torture is defined as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person" and does not include "lesser forms of cruel, inhuman or degrading treatment." *Id.* § 1208.18(a)(1)-(2). Weng asserts on appeal that he demonstrated a probability of such torture through his own testimony, a letter from his mother asserting that he would be arrested, jailed, and beaten on return to China, and State Department reports of wide-scale human rights abuses in China. Our precedent, however, does not recognize such evidence as sufficient to compel a grant of CAT relief. *See Mu Xiang Lin v. United States Dep't of Justice,* 432 F.3d 156, 157–58 (2d Cir.2005) (rejecting CAT claim by Chinese national who moved to United States for economic reasons, observing that testimony, family letters, and State Department reports failed to establish the requisite "particularized evidence" that petitioner "is likely to be subjected to torture in Chinese prisons"); *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 & n. 21 (2d Cir.2003) (rejecting similar CAT claim, noting that "although some of the 'country conditions' reports ... indicate that the government of China has committed serious human rights violations, including the torture and mistreatment of some prisoners, these documents by no means establish that prisoners in Wang's circumstances—namely, military deserters and unlawful emigrants are 'more likely than not' to be tortured"). As we do not discern any material distinction between the evidence in this case and that in *Mu Xiang Lin,* we cannot conclude that the record compelled a reasonable adjudicator to find

1. Although at oral argument, Weng asserted that the IJ erred in failing to reach the question of whether Weng would be subject to torture upon his return to China and consequently should be considered eligible for CAT relief, the IJ did in fact separately address

Weng's CAT claim, concluding that Weng had failed to meet his burden of establishing he would be either subject to harm upon his return, or that the harm he could face would constitute torture under the CAT. IJ Decision at 7–8.

that Weng would more likely than not be subjected to torture if removed to China.

The petition for review is DENIED.